**INDEPENDENT LIVING AIDS, INC. and Marvin Sandler, Plaintiffs–Counter–Defendants–Appellees,**

v.

**MAXI–AIDS, INC., Harold Zaretsky, and Elliot Zaretsky, Defendants–Counter–Claimants–Appellants,**

**Stein Zaretsky, Defendant,**

**Mitchell Zaretsky, Defendant–Counter–Claimant.**

No. 04–2252.

United States Court of Appeals, Second Circuit.

April 4, 2005.

Ronald Cohen, Law Offices of Michael D. Solomon, New York, NY, for Defen-dants–Counter–Claimants–Appellants Maxi–Aids, Inc., Harold Zaretsky, and Elliot Zaretsky.

Jack S. Dweck, The Dweck Law Firm, New York, NY, for Plaintiffs–Counter–Defendants–Appellees Independent Living Aids, Inc. and Marvin Sandler.

Present: NEWMAN, STRAUB, and WESLEY, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

This case has been the subject of two prior published memoranda of decision and order by the District Court, reported at *Indep. Living Aids, Inc., v. Maxi–Aids, Inc.*, 303 F.Supp.2d 327 (E.D.N.Y.2004), and *Indep. Living Aids, Inc., v. Maxi–Aids, Inc.*, 208 F.Supp.2d 387 (E.D.N.Y. 2002), and a summary order issued by this Court, which can be found at *Indep. Living Aids v. Maxi–Aids, Inc.*, 69 Fed.Appx. 4 (2d Cir.2003). Familiarity with each of these and the underlying facts is assumed.

In its latest order, the District Court granted plaintiffs' motion, brought under Federal Rule of Civil Procedure 60(b), to amend the judgment issued upon a December 1997 jury verdict and modified by the District Court on July 5, 2002. *See Indep. Living Aids*, 303 F.Supp.2d at 332. That modification expanded the scope of the permanent injunction, then in-force against defendants, by prohibiting their use in commerce of "independent living aids" and "INDEPENDENT LIVING AIDS." Appellants argue before us, as they did before the District Court, that such an expansion constitutes an abuse of the District Court's discretion to modify its judgment, principally because "inde-

pendent living aids" is a generic phrase for which Independent Living Aids ("ILA") has not established a right of trademark protection.

"A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999 (1932). In the face of shifting circumstances that affect the capacity of a prospective injunction to fulfill its purpose, district courts, sitting as courts of equity, are seized of "broad, and flexible" powers to modify their judgments. *New York State Ass'n for Retarded Children Inc. v. Carey* 706 F.2d 956, 967 (2d Cir.1983). We review district courts' exercise of these powers for abuse of discretion, reversing only where we find an error of law or " 'a clearly erroneous assessment of the evidence.' " *Transaero, Inc., v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998) (quoting *Cooter & Gell v. Hartmarx, Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). In light of the unique facts of this case we find no such errors here.

We note that, in contrast to an "arbitrary or fanciful" mark that "makes no reference to the nature of the goods it designates," *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 148 (2d Cir.2003), "Independent Living Aids" was stipulated by the defendants to be "descriptive" of the goods sold by ILA and other companies, including Maxi–Aids. Therefore, under well-established law, "Independent Living Aids" cannot be afforded the "broad, muscular protection" granted to arbitrary or fanciful marks. *Id.* Rather, it enjoys "lesser protection," or, in some cases, "no protection at all." *Id.* In light of these limitations, the District Court's modification may seem extreme in that it prevents Maxi–Aids

from using "independent living aids" entirely in advertisements and product descriptions. Given the facts presented to the District Court, however, this categorical prohibition did not constitute an abuse of discretion in this case.

In support of its motion, ILA presented the District Court with evidence suggesting that Maxi–Aids had undertaken calculated efforts to exploit the limitations of Internet search engines in order to misdirect and mislead consumers who used these vehicles in attempts to reach ILA. The principal ground for the District Court's decision to modify the injunction was its determination that allowing Maxi–Aids to use the phrase "independent living aids" on commercial web sites would lead to consumers who seek to buy products from ILA through the world wide web being misdirected to Maxi–Aids by way of grammatically unsophisticated search engines that do not distinguish capitalized proper nouns from lower-case phrases. *Indep. Living Aids*, 303 F.Supp.2d at 330. Such circumstances would, the District Court found, infringe upon ILA's protected "Independent Living Aids" mark by causing confusion or mistake as to the affiliation, connection, or association of Maxi–Aids and its products with ILA and its products; a concern particularly acute in this case given that both ILA and Maxi–Aids are in the business of selling home health aids and they each sell many identical or similar products. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961) (noting "proximity of the products" as a factor relevant to determining the scope of protection afforded by a mark).

Proximity in form and function is critical to measuring whether an infringing phrase or term is "identical or confusingly similar

to" a protected mark. *See Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 497 (2d Cir.2000). In the Internet context, it is appropriate for a District Court, when conducting this proximity analysis, to take into account the grammatical and syntactical limitations of the Internet. *See id.* On the record before us, we see no error in the District Court's consideration of these factors to find that Maxi–Aids's calculated use in Internet commerce of "independent living aids" impermissibly infringed upon ILA's "Independent Living Aids" mark. Faced with these circumstances and evidence of Maxi–Aids's intentional efforts to cause confusion, the District Court's decision to modify the permanent injunction as to Maxi–Aids did not constitute an abuse of its discretion. *See Virgin Enters.*, 335 F.3d at 147 (pointing out that allegations of "bad faith" in infringement cases is germane to a court's choice of remedy).

Critical to our decision today is that the modification in question limits minimally Maxi–Aids's access to the descriptive language that is common parlance in the consumer market that ILA and Maxi–Aids both inhabit. The modification does not, and indeed it could not, limit Maxi–Aids from commercial employment of alternative concatenations of "independent," "living," and "aids," such as "aids for independent living," "in aid of independent living," or "aids for living independently." The English language is expansive and supple. Its elements admit of incalculable alternative permutations variously distinct and equivalent as to meaning. In this vast expanse, the modification in question does little to limit Maxi–Aids's commercial activities. With this perspective in mind and in view of evidence presented to the District Court documenting Maxi–Aids's intentional efforts to cause consumer confu-

sion, we find no abuse of discretion in the District Court's action.

We recognize that permitting the defendants to use on their website alternative concatenations of "independent," "living," and "aids," as long as the three words are not used consecutively in the phrase "independent living aids," will have the result that a person putting the words "independent living aids" into a search engine will find the defendants' website among the list of responses to the search inquiry. Indeed, that is precisely what the plaintiffs are seeking to prevent. But once the plaintiffs selected a descriptive phrase as a trade name, they accepted the risk that an Internet search of that phrase would produce a list of websites that include the defendants' website. While barring use of the phrase presses trademark law to its outer limits, permitting use of the words in formulations other than as a phrase of three consecutive words that constitute plaintiffs' mark allows the defendants ample opportunity to describe their products in ways that trademark law must allow.

We have reviewed appellants' remaining arguments on appeal and find each of them to be without merit. For the foregoing reasons, the order of the District Court granting the motion to modify the permanent injunction is AFFIRMED.